UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AEP GENERATING COMPANY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00275-JMS-DKL |
| ) | |
| LAWRENCEBURG MUNICIPAL ) | |
| UTILITIES, ) | |
| INDIANA MUNICIPAL POWER AGENCY, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Presently pending before the Court is Defendant Lawrenceburg Municipal Utilities' ("LMU") Motion To Dismiss. [Filing No. 33.] Defendant Indiana Municipal Power Agency ("IMPA") has filed an unopposed Motion to Join LMU's Motion to Dismiss, [Filing No. 36], and the Court grants IMPA's request. Defendants challenge this Court's subject matter jurisdiction over Plaintiff AEP Generating Company's ("AEP") action pursuant to 28 U.S.C. § 1342 (the "Johnson Act") and Indiana Code § 34-13-6-1. [Filing No. 35 at 8-17.] Alternatively, Defendants ask this Court to abstain from exercising jurisdiction pursuant to the *Colorado River* doctrine, pending the resolution of what they contend is parallel state-court litigation. [Filing No. 35 at 17-24.] AEP objects to the Defendants' Motion to Dismiss on all grounds. [Filing No. 44.]

For the reasons that follow, the Court denies LMU's Motion for Leave to File Statement on Supplemental Evidence, [Filing No. 59], denies LMU's Motion to Stay Discovery, [Filing No. 60], and denies the Defendants' Motion to Dismiss, [Filing No. 33].

# I.
## STANDARD OF REVIEW

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court accepts all well-pleaded allegations as true, *Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 685 (7th Cir. 2014), and draws all reasonable inferences in favor of the plaintiff, *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). When subject-matter jurisdiction is disputed, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Miller v. F.D.I.C.*, 738 F.3d 836, 840 (7th Cir. 2013).

# II.
## RELEVANT BACKGROUND

Pursuant to the applicable standard of review, the relevant background is set forth from the well-pleaded allegations in AEP's operative pleading, and all reasonable inferences are drawn in favor of AEP.[1]

LMU is the utility department for the City of Lawrenceburg, Indiana (the "City"). [Filing No. 15 at 3.] IMPA is a political subdivision of the State of Indiana pursuant to Indiana Code § 8-1-2.2-8. [Filing No. 15 at 4.] On March 30, 2003, LMU and IMPA entered into a contract (the "Agreement") with PSEG Lawrenceburg Energy Company LLC ("PSEG"). [Filing No. 1-1.] PSEG was constructing an electrical power generation facility (the "Plant") located in LMU's retail electrical service territory. [Filing No. 1-1 at 1.] When the Plant is operating and generating electricity, it uses its own generated power to satisfy its electrical requirements. [Filing No. 15 at

---

[1] The evidence Defendants submit concerning AEP's payment history, a challenged tariff, and the terms and conditions of LMU's electrical service are not relevant for determining the Court's subject matter jurisdiction over AEP's action. [*See, e.g.*, Filing No. 35-2 to Filing No. 35-4.] Therefore, that evidence is not detailed herein.

2

1.] When the Plant is not operating, it needs another source of electricity to power its facilities. [Filing No. 15 at 1.] The purpose of the Agreement was for PSEG to purchase, and LMU and IMPA to provide, "all electrical power required to test, commission, start-up and shut-down the Plant and to provide power for all Plant ancillary and auxiliary equipment when the Plant is not operating." [Filing No. 1-1 at 1.] The Agreement includes a rate schedule, [Filing No. 1-1 at 10-11], and is effective until April 1, 2032, unless terminated prior thereto in accordance with the Agreement, [Filing No. 1-1 at 2].

AEP purchased the Plant from PSEG in 2007 and assumed PSEG's rights and obligations under the Agreement. [Filing No. 15 at 11-12.] AEP contends that LMU may only change the rates contained in the agreement by following a specified methodology. [Filing No. 15 at 1.] AEP contends that shortly before it filed this action, it discovered that LMU and IMPA had been imposing a "Reactive Demand Charge" at times that the Plan was operating and not receiving service from LMU and IMPA. [Filing No. 15 at 2.] AEP contends that this charge is not authorized by the Agreement, that it constitutes a material breach of the contract, and that AEP has been overcharged more than $1,000,000. [Filing No. 15 at 2.] AEP further contends that after reviewing additional prior invoices, it discovered that LMU also increased the electrical service rates in 2010 without following the contractually mandated process for amending the rates and that AEP had allegedly been charged various penalties and surcharges not authorized by the Agreement. [Filing No. 15 at 2.] Specifically, AEP contends that the Lawrenceburg City Council passed an ordinance raising electrical rates in 2010 (the "2010 Ordinance") and that LMU has charged the Plant the increased rate since July 2010. [Filing No. 15 at 21.]

On February 19, 2015, AEP filed this action in federal court against LMU and IMPA (the "Federal Action"), alleging that this Court could exercise diversity jurisdiction over its claims.

[Filing No. 1 at 2-3.] AEP asserted a breach of contract claim against LMU and IMPA and requested a declaratory judgment from the Court regarding the parties' obligations under the Agreement and the propriety of the Reactive Demand Charges under the Agreement when the Plant is operating. [Filing No. 1 at 18-19.]

On March 2, 2015, the Lawrenceburg City Council passed a new rate ordinance that imposes higher rates on the Plant (the "2015 Ordinance"). [Filing No. 15 at 2-3.] AEP alleges that the ordinance "contains a new 'Retail Power Plant Service' tariff" that would only apply to the Plant and that violates the Agreement. [Filing No. 15 at 23.]

On March 11, 2015, LMU sent AEP a letter claiming that AEP had breached the Agreement by failing to pay the Reactive Demand Charges and that "[i]n light of this material breach, [LMU] is hereby terminating the Agreement. All future invoices will be issued pursuant to the appropriate retail rate in effect at the time." [Filing No. 15 at 23.]

On March 30, 2015, AEP filed a state court complaint against the City in Dearborn Circuit Court (the "State Action"). [Filing No. 35-1.] AEP alleges that the 2015 Ordinance violates Indiana Code § 8-1.5-3-8(b) and that "[i]ndeed, the only permissible rate for [the Plant] is governed by [the Agreement]." [Filing No. 35-1 at 3.] Through the State Action, AEP seeks a declaratory judgment that the 2015 Ordinance is invalid and that the City may not enforce it.[2] [Filing No. 35-1 at 5.]

Also on March 30, 2015, AEP filed an Amended Complaint in the Federal Action. [Filing No. 15.] The Amended Complaint acknowledges the 2015 Ordinance but alleges that the Agreement still controls the rates for the Plant. [Filing No. 15 at 23-25.] The Amended Complaint

---

[2] The validity of the 2010 Ordinance is not at issue in the State Action, [Filing No. 35-1], likely because such a challenge has to be filed in state court "not later than thirty (30) days after the date of the action or decision complained of." Ind. Code § 34-13-6-1.

4

asserts claims for breach of contract and declaratory judgment. [Filing No. 15 at 28-31.] Specifically, AEP requests that this Court enter judgment in favor of AEP, declare that the Agreement remains in force, declare that the Agreement does not permit LMU or IMPA to raise the rates or alter the terms, and declare that the Agreement does not permit LMU or IMPA to impose Reactive Demand Charges, surcharges, or other penalties to which AEP contends it has been subjected. [Filing No. 15 at 28-31.] AEP has represented to the state court that it only wishes to pursue the State Action if it is unsuccessful in the Federal Action—*i.e.*, if this Court determines that the Agreement no longer controls AEP's rates. [Filing No. 45-1 at 3.]

On May 13, 2015, LMU filed a Motion to Intervene, an Answer, and a Counterclaim in the State Action. [Filing No. 58-1 at 2-3.] LMU's counterclaims include claims for breach of contract, unjust enrichment, and declaratory judgment. [Filing No. 35-6 at 7-11.] LMU requests that the state court enter an order confirming LMU's interpretation of the Agreement, declare that AEP is in breach of the Agreement, and declare that the 2015 Ordinance is valid and applicable to AEP. [Filing No. 35-6 at 7-11.] The state court has allowed LMU to intervene and assert its counterclaims. [Filing No. 58-1 at 3.] On June 23, 2015, however, the State Action was stayed, pending this Court's ruling on LMU's Motion to Dismiss the Federal Action. [Filing No. 58-1 at 3.] The City later moved to reconsider the state court's decision to stay the entire State Action. [Filing No. 58-1 at 3.]

On May 14, 2015, LMU filed its Answer to AEP's Amended Complaint in the Federal Action and reserved the right to assert any counterclaims in this action "in the event they are not accepted in the State Action." [Filing No. 22 at 45.]

On May 19, 2015, because this Court wanted to confirm AEP's allegations that it could exercise diversity jurisdiction over the Federal Action, this Court ordered the parties to file a joint

5

jurisdictional statement. [Filing No. 23.] The parties did so on May 28, 2015, and LMU expressed its position that to the extent AEP challenged the 2015 Ordinance, LMU believed that this Court lacked jurisdiction over those claims pursuant to Indiana Code § 34-13-6-1. [Filing No. 26.] Based on that statement, the Court ordered LMU to file any motion to dismiss by June 19, 2015. [Filing No. 26.] LMU did so, [Filing No. 33], and that motion and related filings are the subject of this Order.

On August 19, 2015, after the parties finished briefing LMU's Motion to Dismiss, the state court reconsidered its prior decision and lifted the stay on AEP's claims in the State Action regarding the validity of the 2015 Ordinance. [Filing No. 58-1 at 4.] The state court noted that AEP's challenge to the validity of the 2015 Ordinance "is not appropriately litigated in federal court" under Indiana law. [Filing No. 58-1 at 4 (citing Ind. Code § 34-14-1-2).] The state court upheld the stay on LMU's counterclaims, holding that the counterclaims involving the Agreement "are outside the scope of [AEP's State Action]" and, instead, "are issues in the federal law suit which is pending." [Filing No. 58-1 at 4.] With regard to LMU's counterclaim seeking a declaratory judgment regarding the validity of the 2015 Ordinance, the state court lifted the stay but "recognize[d] that the contract issues may trump the applicability of the ordinance [and] that the issue as to the validity of the ordi[n]ance can be easily determined prior to the more complex issue of the applicability/breach of contract pending in federal court." [Filing No. 58-1 at 4.]

This Court later granted AEP's motion to consider the state court's August 19, 2015 order as supplemental evidence, [Filing No. 51; Filing No. 58], and it is now part of the record, [Filing No. 58-1]. LMU has moved for leave to file a statement regarding its interpretation of the state court's order, [Filing No. 59], which AEP opposes, [Filing No. 62]. Because the Court can interpret the impact of the state court's order on Defendants' pending Motion to Dismiss without

6

supplemental briefing, the Court denies LMU's request to file a supplemental statement. [Filing No. 59.]

### III.
### DISCUSSION

Defendants argue that AEP's Federal Action should be dismissed for two reasons. First, they contend that this Court lacks subject matter jurisdiction pursuant to the Johnson Act or Indiana Code § 34-13-6-1. [Filing No. 35 at 8-17.] Alternatively, Defendants asks this Court to abstain from exercising jurisdiction pursuant to the *Colorado River* doctrine, pending the resolution of the State Action, which they contend is parallel litigation. [Filing No. 35 at 17-24.] AEP objects to the Motion to Dismiss on all grounds. [Filing No. 44.]

Some of the arguments in the parties' briefs are no longer applicable in light of the state court's subsequent decisions to allow LMU to intervene in the State Action, to allow AEP's challenge to the validity of the 2015 Ordinance to proceed, and to stay LMU's breach of contract counterclaims in the State Action. [Filing No. 58-1.] The Court will only address the parties' applicable arguments given the current procedural posture of both the State and Federal Actions.

**A. Subject Matter Jurisdiction**

*1) The Johnson Act (28 U.S.C. § 1342)*

Defendants argue that this Court lacks subject matter jurisdiction over the Federal Action because AEP "seeks to restrain the operation of and compliance with the 2015 Ordinance." [Filing No. 35 at 8 (citing 28 U.S.C. § 1342).] Defendants rely on the Johnson Act for their argument, contending that AEP's Federal Action meets all of the criteria and that this Court should dismiss it. [Filing No. 35 at 9-15.]

In response, AEP disputes Defendants' characterization of the Federal Action. [Filing No. 44.] AEP emphasizes that the Federal Action is a breach-of-contract case and that AEP is not

7

seeking to enjoin an order affecting utility rates in this litigation. [Filing No. 44 at 10-18.] AEP also argues that the Johnson Act does not apply because LMU is not a rate-making body, and that the purpose of the Johnson Act was not to divest federal courts of jurisdiction over actions such as this. [Filing No. 44 at 14-16.]

In reply, Defendants argue that the Johnson Act bars federal jurisdiction because AEP's Federal Action allegedly seeks to restrain compliance with the 2015 Ordinance. [Filing No. 45 at 3-6.] Defendants contend that the relief that AEP seeks in the Federal Action necessarily challenges the validity of the 2015 Ordinance, triggering the Johnson Act's bar on federal jurisdiction. [Filing No. 45 at 4-6.] Defendants argue that LMU is a rate-making body and that AEP's Federal Action meets the Johnson Act's criteria for dismissal. [Filing No. 45 at 6-10.]

The Johnson Act provides as follows:

> The district courts shall not enjoin, suspend, or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a state administrative agency or ratemaking body of a state political subdivision where:
>
> (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
>
> (2) the order does not interfere with interstate commerce; and,
>
> (3) the order has been made after reasonable notice and hearing; and,
>
> (4) a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1342.

The Johnson Act primarily contemplated "a controversy with a state agency on one side and a public utility on the other, and the act sought to safeguard the orders of the state agency." *Connett v. City of Jerseyville*, 125 F.2d 121, 125 (7th Cir. 1941). Its legislative history "makes clear that its purpose was to prevent public utilities from going to federal district court to challenge

8

state administrative orders or avoid state administrative and judicial proceedings." *California v. Grace Brethren Church*, 457 U.S. 393, 410 (1982). "The four conditions of the Johnson Act are conjunctive and only if all four conditions are present is the court deprived of jurisdiction." *Mid-Plains Tel. Co. v. Pub. Serv. Comm'n of Wisconsin*, 745 F. Supp. 1450, 1452 (W.D. Wis. 1989).

The Court agrees with AEP that the Johnson Act is inapplicable to bar this Court's jurisdiction over the Federal Action. Regardless of whether LMU is a ratemaking body, which the parties dispute, this is not the type of action to which the Johnson Act applies. The claims AEP brings and the relief that it seeks in the Federal Action hinge exclusively on the validity of the Agreement and whether a party has breached it. [Filing No. 15 at 28-31.] Put simply, the Federal Action is a breach-of-contract case, not a state agency ratemaking dispute to which the Johnson Act applies. In fact, AEP filed this breach-of-contact action before the 2015 Ordinance even passed. [Filing No. 1 (Complaint filed February 19, 2015); Filing No. 15 at 2 (ordinance passed on March 2, 2015).] Although AEP later amended its complaint and referenced the 2015 Ordinance for context, AEP's claims and the relief it seeks remain contract based. [Filing No. 15 at 28-31.]

It is certainly true that as the state court recognized, "the contract issues may trump the applicability of the ordinance . . . ." [Filing No. 58-1 at 4.] In other words, it appears that if the Agreement is found to be enforceable in the Federal Action, the Agreement would control AEP's rates. If the Agreement is found to be unenforceable in the Federal Action, however, the 2015 Ordinance may control the rates that AEP pays. Importantly, neither result implicates the validity

of the 2015 Ordinance, which is the subject of AEP's claims in the State Action.[3] Therefore, the Johnson Act does not bar this Court's diversity jurisdiction over AEP's contract-based claims.[4] *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 612 (4th Cir. 2002) (holding that the Johnson Act did not bar a district court's enforcement of a settlement agreement in a utilities dispute because it "did not resolve the rate interpretation dispute between the parties," rather it found the settlement agreement enforceable and directed the parties to submit any actual rate dispute to the Public Service Commission).

> *2) Indiana Code § 34-13-6-1*

Defendants contend that this Court lacks subject matter jurisdiction pursuant to Indiana Code § 34-13-6-1, which provides that an action challenging the decision of a legislative body must be filed within 30 days of the action in the "circuit or superior court of the county in which the municipality is located." [Filing No. 35 at 15-16.] Because Defendants characterize AEP's Federal Action as "both directly and indirectly" challenging the ordinances passed by the Lawrenceburg City Council, Defendants contend that they should have been filed in state court. [Filing No. 35 at 16.]

---

[3] Defendants' arguments primarily reference the 2015 Ordinance but do contain sporadic references to the 2010 Ordinance. [*See, e.g.*, Filing No. 35 at 12.] Because AEP's breach-of-contract claims do not challenge the validity of the 2010 Ordinance, any references thereto in the Amended Complaint or the parties' arguments do not change the Court's conclusion that the Johnson Act does not bar its jurisdiction over this action. Again, AEP simply argues that LMU charged it rates that violated the contract, and notes the rates were implemented by an ordinance passed in 2010.

[4] The Court has already confirmed that diversity of citizenship and the requisite amount in controversy for diversity jurisdiction exist. [Filing No. 25 (parties' Joint Jurisdictional Statement); Filing No. 26 (Court's Order accepting portion of statement setting forth diversity jurisdiction allegations).]

10

In response, AEP opposes Defendants' arguments and emphasizes that it is not challenging the validity of any municipal actions. [Filing No. 44 at 26.] In AEP's words, it is pursuing "ordinary breach of contact claims" in the Federal Action. [Filing No. 44 at 26.]

Defendants again contend in their reply brief that AEP is challenging the validity of the ordinances passed by the Lawrenceburg City Council. [Filing No. 45 at 11.]

Indiana Code § 34-13-6-1 provides that any appeal allowed by statute from any action or decision of a municipal legislative body "shall be filed as an original complaint against the city or town in the circuit or superior court of the county in which the municipality is located." The statute also requires any complaint to be filed "not later than thirty (30) days after the date of the action or decision complained of." I.C. § 34-13-6-1.

The Court rejects Defendants' argument that Indiana Code § 34-13-6-1 bars AEP's Federal Action for many of the reasons it rejected Defendants' Johnson Act argument. Primarily, the Court disagrees with Defendants' characterization of AEP's Federal Action as a challenge to the decisions of a municipal legislative body. AEP's Amended Complaint makes it clear that AEP is pursuing breach of contract claims against Defendants, not seeking to invalidate any municipal action ordinances passed by the Lawrenceburg City Council. Thus, Indiana Code § 34-13-6-1 does not apply.

Although Defendants allege that AEP "was attempting to forum shop" or exercising "efforts at creative pleading" by filing two actions, [Filing No. 45 at 10-11], AEP's pleading strategy was a valid exercise of its rights. Its State Action challenges the validity of the 2015 Ordinance in state court, and all parties agree that AEP was required to file it there pursuant to Indiana Code § 34-13-6-1. AEP's Federal Action asserts breach-of-contract claims related to the Agreement, and AEP was entitled to pursue that action in federal court, given the existence of

11

diversity jurisdiction. Because Indiana Code § 34-13-6-1 does not apply to AEP's breach of contract claims, the Court rejects Defendants' argument that AEP was required to file this action in state court.

### B. *Colorado River* Abstention

Defendants argue that even if this Court can exercise diversity jurisdiction over AEP's claims in the Federal Action, it should abstain from doing so pursuant to the *Colorado River* doctrine. [Filing No. 35 at 17-24.] Specifically, Defendants argue that AEP's State and Federal Actions are parallel and that the ten-factor *Colorado River* test weighs in favor of staying the Federal Action pending the outcome of the State Action. [Filing No. 35 at 18-24.] Defendants emphasize that the actions involve "nearly identical" parties and contend that there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." [Filing No. 35 at 18.]

In response, AEP argues that the *Colorado River* doctrine does not apply because the "exceptional circumstances" required for this Court to relinquish jurisdiction are not present here. [Filing No. 44 at 19-20.] AEP contends that the State and Federal Actions are not parallel and that, even if they are, the ten-factor test weighs heavily against abstention. [Filing No. 44 at 20-26.] AEP emphasizes that IMPA is not a party to the State Action and that the State Action is against the City, which is not a party in the Federal Action. [Filing No. 44 at 20.] AEP further contends that any resolution of the State Action will not resolve the contract-based claims pending in the Federal Action. [Filing No. 44 at 20.]

In reply, Defendants again assert that AEP's State and Federal Actions are parallel and that the *Colorado River* factors "weigh heavily in favor of abstention." [Filing No. 45 at 11-17.]

Defendants contend that if this Court does not abstain, the State and Federal Actions could lead to potentially conflicting results. [Filing No. 45 at 13.]

Generally speaking, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011). A federal court may stay or dismiss an action in federal court when a concurrent state court case is underway, but "only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). "The primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Freed*, 756 F.3d at 1018.

To determine whether a stay is appropriate, the Court must first determine whether the state and federal actions are parallel. *Id.* To do so, the Court must ascertain whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Huon*, 657 F.3d at 646. "The critical question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (citing *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 499 (7th Cir. 2011)). "If the actions are not parallel, the *Colorado River* doctrine does not apply and the court need not address the second part of the analysis." *Freed*, 756 F.3d at 1018; *Huon*, 657 F.3d at 646. If there is any doubt whether the actions are parallel, the district court should not abstain. *Huon*, 657 F.3d at 646.

If the Court determines that the state and federal proceedings are parallel, it must then "decide whether abstention is proper by carefully weighing ten non-exclusive factors." *Id.* The factors are as follows:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the

order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Freed*, 756 F.3d at 1018 (citing *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 754 (7th Cir. 2006)).

The United States Supreme Court has emphasized that "federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction that Congress has given them." *Huon*, 657 F.3d at 645 (quoting *Colorado River*, 424 U.S. at 817). It has "cautioned that the task of the district court 'is not to find some substantial reason for the exercise of federal jurisdiction' but instead 'to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," to justify the *surrender* of that jurisdiction.'" *Huon*, 657 F.3d at 645-46 (original emphasis) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983)). There is a presumption against abstention. *Huon*, 657 F.3d at 646.

The Court disagrees with Defendants that AEP's State and Federal Actions are parallel. While the Court recognizes that the cases "need not be identical to fulfill the requirement of parallelism," *Freed*, 756 F.3d at 1019, AEP's State and Federal Actions are materially different. In the State Action, AEP has sued the City and is directly challenging the validity of the 2015 Ordinance, requesting that the state court declare that ordinance invalid and enjoin it from being enforced. [Filing No. 35-1 at 5.] In the Federal Action, AEP pursues breach-of-contract claims against LMU and IMPA, requesting that this Court determine the validity of the Agreement and whether a party has breached it. [Filing No. 15 at 28-31.] The judgment that AEP requests in the Federal Action would declare the parties' rights under the Agreement, award AEP money damages for what it contends to be material breaches by Defendants, and award AEP recoverable costs.

[Filing No. 15 at 31.] Although LMU was allowed to intervene in the State Action and file counterclaims regarding the validity of the Agreement, the state court recognized that those claims were pending in the Federal Action and stayed LMU's counterclaims in the State Action "until the outcome or status of the federal lawsuit is determined." [Filing No. 58-1 at 4.] Moreover, Defendants cite no authority supporting the notion that a defendant can make a state and federal action parallel by intervening in a case to which it was not an original party and filing a counterclaim inserting the parallel issues. Such a result would be contrary to the strong presumption against abstention and the United States Supreme Court's emphasis that a district court has a "virtually unflagging obligation" to exercise the jurisdiction that Congress has given it. *Colorado River*, 424 U.S. at 817.

Perhaps most tellingly, none of the relief AEP requests in the State Action implicates the Agreement, and none of the relief AEP requests in the Federal Action implicates the validity of the 2015 Ordinance. While both cases are definitely of interest to all of the parties, they are far from parallel and the Court disagrees with Defendants' contention that they could lead to conflicting results. Based on the current record, it appears that AEP's rates will either be determined by the Agreement or by the 2015 Ordinance, but not by both. The state court agrees. [*See* Filing No. 58-1 at 4 ("the contract issues may trump the applicability of the ordinance").]

In sum, even assuming for the sake of the argument that the State and Federal Actions involve substantially the same parties, they are not litigating the same issues and there is not a substantial likelihood that the State Action will dispose of the claims presented in the Federal Action. Thus, the State and Federal Actions are not parallel and the *Colorado River* doctrine does not apply. *Huon*, 657 F.3d at 646. Given that conclusion, the Court need not address the ten

factors set forth in the second part of the *Colorado River* doctrine. *Freed*, 756 F.3d at 1018; *Huon*, 657 F.3d at 646.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS** IMPA's Motion for Joinder, [Filing No. 36], **DENIES** LMU's Motion for Leave to File Statement on Supplemental Evidence, [Filing No. 59], **DENIES** LMU's and IMPA's Motion to Dismiss, [Filing No. 33], and **DENIES** LMU's Motion to Stay Discovery, [Filing No. 60]. The Court will exercise diversity jurisdiction over AEP's case, which it has already confirmed is present. [Filing No. 25 (parties' Joint Jurisdictional Statement); Filing No. 26 (Court's Order accepting portion of statement setting forth diversity jurisdiction).]

September 9, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Brian Charles Hewitt
ALERDING CASTOR HEWITT LLP
bhewitt@alerdingcastor.com

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

Gregory A. Neibarger

BINGHAM GREENEBAUM DOLL LLP
gneibarger@bgdlegal.com

Peter Jon Prettyman
INDIANA MUNICIPAL POWER AGENCY
pprettyman@impa.com

James L. Thompson
LYNCH STERN THOMPSON LLP
jthompson@lstllp.com