UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AEP GENERATING COMPANY, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00275-JMS-DKL |
| | ) |
| LAWRENCEBURG MUNICIPAL UTILITIES, | ) |
| INDIANA MUNICIPAL POWER AGENCY, | ) |
| | ) |
| *Defendants*. | ) |

## ORDER

On July 10, 2015, Defendant Indiana Municipal Power Agency ("IMPA") filed a Motion for Summary Judgment on all of Plaintiff AEP Generating Company's ("AEP") claims against IMPA in this utilities dispute. [Filing No. 42.] IMPA contends that it "was apparently named as a party to this lawsuit because it is a party to the contract [at issue]" but that AEP seeks damages "based on alleged conduct that IMPA could not and did not commit." [Filing No. 43 at 1.] IMPA contends that it is entitled to summary judgment because Defendant Lawrenceburg Municipal Utilities ("LMU"), not IMPA, is solely responsible for selling electric power to and collecting payment from AEP. [Filing No. 43 at 5.]

In response, AEP filed a Motion to Deny or Defer Consideration of IMPA's summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). [Filing No. 47.] AEP argues that IMPA "profoundly oversimplifies this dispute" and downplays IMPA's role as a party to the contract at issue. [Filing No. 47 at 5-6.] AEP has filed an affidavit detailing various areas of discovery that it contends are necessary for it to response to IMPA's motion, including

· Whether LMU really was the only billing entity, as IMPA contends;

- How IMPA charged LMU for the underlying electrical services;

- Whether LMU or IMPA retained AEP's alleged overpayment;

- The extent of IMPA's contractually specified duties, [*see, e.g.*, Filing No. 1-1 at 1 ("WHEREAS, operations with respect to the matters covered by this Agreement will be managed and coordinated by IMPA")];

- IMPA's role in meter reading;

- IMPA's role in negotiations related to the contract at issue, considering that AEP was not an original party thereto.

[Filing No. 47 at 6-9; Filing No. 47-1.] AEP argues that it has diligently pursued discovery in this action since the Case Management Plan was issued on June 3, 2015, which established a discovery deadline of January 20, 2016. [Filing No. 47 at 9.] At the time AEP filed its Rule 56(d) motion, IMPA had not yet responded to AEP's discovery requests. [Filing No. 47 at 9-11.]

IMPA opposes AEP's Rule 56(d) motion. [Filing No. 53.] It contends that it has now responded to AEP's discovery requests and that the categories of discovery that AEP identifies are "nothing more than red herrings." [Filing No. 53 at 2.] IMPA details why it does not believe that AEP has identified any categories of discovery that create genuine issues of material fact. [Filing No. 53 at 3-7.]

In the reply supporting its Rule 56(d) motion, AEP emphasizes that IMPA's summary judgment request is premature and that AEP is entitled to evaluate the discovery materials that IMPA has produced, as well as conduct additional discovery as warranted based on IMPA's responses. [Filing No. 64.]

Federal Rule of Civil Procedure 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014) (quoting Fed. R. Civ. Pro. 56(d)).

The party requesting additional discovery must show the need for it by affidavit, Fed. R. Civ. Pro. 56(d), and it is that party's burden to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery[,]" *Sterk*, 770 F.3d at 628 (citing *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)). The party seeking additional discovery has the "burden to identify material facts needed to oppose summary judgment." *Sterk*, 770 F.3d at 628.

AEP has met its burden to show that additional discovery is warranted before it can respond to IMPA's motion for summary judgment. IMPA filed its summary judgment motion approximately one month after the case management plan in this action was approved and approximately six months before the close of discovery. [Filing No. 28; Filing No. 42.] IMPA asks for summary judgment based on its conclusory assertion that it "did not and could not perform the alleged acts underlying AE[P]'s claims." [Filing No. 43 at 5.] Even if discovery ultimately confirms IMPA's position, it is undisputed that IMPA is a party to the contract at issue and may have assumed certain obligations therein. [*See, e.g.*, Filing No. 1-1 at 1 ("WHEREAS, operations with respect to the matters covered by this Agreement will be managed and coordinated by IMPA").] AEP is entitled to confirm through discovery whether IMPA's role is as limited as IMPA contends, and AEP has filed the requisite affidavit identifying discrete areas of discovery that could lead to evidence supporting disputed issues of material fact regarding IMPA's role. [Filing No. 47-1.]

For these reasons, the Court **GRANTS** AEP's Motion to Deny or Defer Consideration pursuant to Federal Rule of Civil Procedure 56(d), [Filing No. 47], and **DENIES WITHOUT PREJUDIC**E IMPA's Motion for Summary Judgment, [Filing No. 42].

Date: September 9, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Brian Charles Hewitt
ALERDING CASTOR HEWITT LLP
bhewitt@alerdingcastor.com

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

Gregory A. Neibarger
BINGHAM GREENEBAUM DOLL LLP
gneibarger@bgdlegal.com

Peter Jon Prettyman
INDIANA MUNICIPAL POWER AGENCY
pprettyman@impa.com

James L. Thompson
LYNCH STERN THOMPSON LLP
jthompson@lstllp.com